# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**CHARLES JACOB RIEHL,**

              **Plaintiff,**              9:13-cv-439
                                                      (GLS/TWD)

              v.

**DONNA MARTIN et al.,**

              **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Charles Riehl
Pro Se
08-A-4913
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     DOUGLAS J. GOGLIA
New York Attorney General            Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Charles Jacob Riehl commenced this action against

defendants Donna Martin, Howard Matasar, and Harold Graham, alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)[1] and his First Amendment right to the free exercise of religion pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1 at 11-20.) Defendants moved for summary judgment in lieu of an answer, (Dkt. No. 18), and Riehl responded to the motion with new allegations, (Dkt. No. 21), and also sought to amend certain dates alleged in his complaint, (Dkt. No. 20).[2]

In an Order and Report-Recommendation (R&R) filed December 19, 2013, Magistrate Judge Therèse Wiley Dancks recommended that all claims be dismissed with the exception of Riehl's claim under § 1983 for a Free Exercise Clause violation as against Martin and Matasar. (Dkt. No. 34 at 22.) Judge Dancks also recommended that Riehl be granted leave to amend his complaint. (*Id.*) Pending before the court are Riehl's objections to the R&R. (Dkt. No. 37.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

---

[1] *See* 42 U.S.C. §§ 2000cc-2000cc-5.

[2] Riehl's request to amend the dates was granted. (Dkt. No. 34 at 22.)

Riehl, who was incarcerated at Auburn Correctional Facility during the relevant time period, identifies himself as an "observant orthodox Jewish man." (Defs.' Statement of Material Facts (SMF) ¶¶ 1-3, Dkt. No. 18, Attach. 4; Compl. at 13.) In dispute are Riehl's allegations that at the Passover Seder in April 2012, his meal contained chametz, a leavening agent, and was not prepared according to Jewish dietary law, which resulted in him not being able to partake in the holy day. (Compl. at 4, 22.) In response to defendants' motion for summary judgment, Riehl alleged new facts that significantly expanded upon his claim that he was served forbidden foods. (Dkt. Nos. 21 and 24.) Riehl's new allegations were considered by Judge Dancks. (Dkt. No. 34 at 11-13.)

### III. **Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or

3

general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[3] *See id.*

## IV. Discussion

Riehl's objections do not take issue with any particular aspect of Judge Dancks' recommendations. (Dkt. No. 37.) The thrust of his objections is merely a rehashing of arguments made in response to defendants' motion for summary judgment. (*Compare* Dkt. Nos. 21 and 24, *with* Dkt. No. 37.) In particular, Riehl "objects" to portions of the declarations of Matasar and Martin. (Dkt. No. 37 at 1-4.) Since Riehl's objections do not point out any specific shortcomings in the R&R, and, instead, regurgitate earlier-raised arguments, review for clear error is warranted. *See Almonte*, 2006 WL 149049, at *4, *6.

Having thoroughly reviewed the R&R, the court finds no clear error in Judge Dancks' recommendations, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Therèse Wiley Dancks' Order and

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

Report-Recommendation (Dkt. No. 34) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 18) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** as to all claims against Graham; and

**GRANTED** as to Riehl's RLUIPA claim against Martin and Matasar; and

**GRANTED** as to any request for injunctive relief; and

**DENIED** in all other respects, leaving only a claim under 42 U.S.C. § 1983 for a violation of the Free Exercise Clause as to Martin and Matasar; and it is further

**ORDERED** that Riehl is granted leave to amend his complaint to assert the new allegations against Martin and Matasar raised in his opposition papers (Dkt. Nos. 21 and 24); and it is further

**ORDERED** that, with respect to any amended complaint filed by Riehl, he shall include factual allegations describing the role of Martin and Matasar sufficiently to allow the court to assess whether a plausible claim has been stated against them; and it is further

**ORDERED** that, if Riehl files an amended complaint, it shall be a

5

wholly integrated and complete pleading with separately numbered allegations that does not rely upon, or incorporate by reference, the original complaint; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 31, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court