**UNITED STATES DISTRICT COURT
NORLTHERN DISTRICT OF NEW YORK**

_____

**CHARLES JACOB RIEHL**

         **Plaintiff,**

                     **9:13-cv-439**
    **v.**                  **(GLS/TWD)**

**DONNA MARTIN, Food Administrator,
Auburn Correctional Facility**

         **Defendant.**

_____

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Charles Jacob Riehl
Last know address
3026 Harding Street
Oceanside, New York 11572

**FOR THE DEFENDANT:**

HON. ERIC SCHNEIDERMAN   DOUGLAS J. GOGLIA, ESQ.
Office of the Attorney General   Assistant Attorney General
  State of New York
The Capitol
Albany, New York 12224-0341

**Gary L. Sharpe
Chief Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Charles Jacob Riehl. Accordingly, it considers *sua sponte* Riehl's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On April 22, 2013, Charles Jacob Riehl filed a civil rights action. *See Dkt. No.* 1. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(c) provides:

> **All . . . *pro se* litigants must immediately notify the court of any change of address.** Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the notice shall apply . . . . (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the

dismissal of any pending action."

In fact, while this litigation has been pending, Riehl has acknowledged this obligation by filing a notice of change of address on (2) two separate occasions. *See Dkt. Nos.* 31 *and* 41.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37 (2d Cir. 1982).

On July 28, 2014, the Court issued a text order directing the Clerk to strike Defendant's motion to dismiss for failure to follow the terms of the pretrial discovery order, specifically Section I, subparagraph D, since Defendants have failed to file the notice of compliance with discovery, a prerequisite to obtaining a deposition of the Plaintiff. Riehl's copy was mailed to his last known address, but was marked return to sender - - Unable to Forward. *See Dkt. No.* 50.

On September 17, 2014, the Court issued an order directing Riehl to notify the court by October 1, 2014 of his current address and/or verify that his mailing address is as listed in the caption of this order. *See Dkt. No.* 51. The court warned Riehl that his failure to comply with the order could

result in dismissal for failure to comply with L.R. 10.1(c)(2) and 41.2(b). Riehl's copy was mailed to his last known address, but was marked return to sender - - Unable to Forward.  *See Dkt. Nos.* 53-54.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute

their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Riehl's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Accordingly, it is hereby

**ORDERED** that Riehl's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's order dated September 17, 2014, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon the parties at the addresses listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** **October 8, 2014**
**Albany, New York**

Gary L. Sharpe
Chief Judge
U.S. District Court